## Garden City Sand Co. v. Edward H. Gettins.

1. NE EXEAT—*Burden of Proof upon the Appellant.*—In a proceeding for a writ of *ne exeat* the entire burden of proof is upon the party applying for the writ, and he is bound to show, not only an indebtedness by the defendant, but that by attempting to carry unexempt property belonging to him out of the state he was endeavoring to perpetrate a fraud upon his creditor.

2. FRAUD —*What is Sufficient to Justify the Issuing a Writ of Ne Exeat.*—The act of a debtor in endeavoring to place his unexempt property beyond the reach of his creditors is such a fraud as will justify the issuance of a writ of *ne exeat.*

**Bill for a Writ of Ne Exeat.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed May 23, 1902.

Statement.—Complainant in this cause filed a bill against defendant, alleging that he was indebted to it in the sum of $2,944.27; that defendant had in his possession a sum of money more than sufficient to pay this debt, and all other debts due from him; that he owned no property in the State of Illinois, and had no assets except the money in his possession; that he was about to leave the State of Illinois, taking this money with him, intending to remain without the State of Illinois, with the intent to defraud the complainant out of the debt due from him; and prayed that a writ of *ne exeat* be issued for his arrest and detention, which writ was issued, the defendant arrested, and confined in the Cook county jail until the hearing of the cause.

The defendant filed an answer, denying that he was indebted in any sum to the complainant, or that he was about to depart from the State with intent to defraud the complainant, and alleging that whatever bill was due the complainant for the materials described in the complainant's bill, was in fact due from Emma C. Gettins, defendant's wife; that she was the principal and he was agent in the transaction in question.

The case was tried in the Superior Court on bill, answer and evidence submitted thereon. The court found in favor of the defendant, and entered an order dismissing the bill for want of equity, and quashing the writ of *ne exeat*. The complainant appeals to this court.

EDWIN C. CRAWFORD, solicitor for appellant.

NICHOLAS BRISTOW, attorney for appellee; L. P. WILCOX and N. F. OLSON, of counsel.

MR. JUSTICE WATERMAN delivered the opinion of the court.

March 5, 1898, the complainant agreed to sell to Emma C. Gettins, the wife of appellee, material to the value of $2,000, during a period terminating March 5, 1900. Thereafter a deed of eleven lots was made by Emma C. Gettins and appellee to appellant in payment of an old indebtedness of appellee and to provide for a credit of $657 for material to be sold to Mrs. Gettins.

Appellant contends that after this credit of $657 had been exhausted no further dealings were had with Mrs. Gettins, but that thereafter all material was sold and delivered to Mr. Gettins.

So far as appears, after material to the extent of the $2,000 and the $657 had been supplied to Mrs. Gettins, the business went on as before, Mr. Gettins giving the orders for material and, at least, supervising their delivery, while the charge upon appellant's books continued to be to Emma C. Gettins.

The business being continued as before, the presumption is that the after-purchases were by, and the sales to, Mrs. Gettins.

Garden City Sand Co. v. Gettins.

We do not perceive how she can escape liability.

If appellant did not intend to longer hold her, it should have changed the account so as to make it against the party to whom it intended to extend the credit.

That appellee personally attended to the business carried on with appellant is undisputed and that he frequently spoke of the purchases and business as if they were his, is probable.    Agents often do this.

We do not regard the taking of security from Emma C. Gettins for cement and other materials "to be sold to her for making sidewalks, etc., until March 5, 1900," as absolving her from liability for goods thereafter sold, or as establishing that the material thereafter sold was furnished to appellee.

It is true that both Mr. and Mrs. Gettins might have been liable for this indebtedness; there was testimony tending to show that this is the case; but appellant's account has all the while been against Mrs. Gettins only, and the trial court having dismissed the bill, the question in this regard, presented to this court is, was the evidence below such that we can say the court should have found otherwise.

We are of the opinion that the evidence is such that appellant's agents might, as reasonable men, have concluded that appellee did intend to permanently remove from the State, taking his property with him; that it is such that the trial court should have found that such removal and such taking would have taken place had appellee not been arrested, we are not prepared to say.

In this proceeding for a writ of *ne exeat*, the entire burden of proof was upon appellant.    It was bound to show not only an indebtedness by appellee, but that by attempting to carry unexempt property belonging to him out of the State, he was endeavoring to perpetrate a fraud upon his creditor; that is, that he was endeavoring (about) to place his unexempt property beyond the reach of his creditors. This would, if shown, be such a fraud as would justify his detention.    Malcolm v. Andrews, 68 Ill. 100.

There is in this State no such thing as imprisonment for debt; one may be temporarily imprisoned for fraudulently obtaining credit or fraudulently refusing to surrender unexempt property for the satisfaction of debts by him incurred.

The questions below and here are almost entirely of fact. The trial court saw and heard the witnesses; its decree is affirmed.